We have carefully examined the evidence and agree with the Common Pleas that the prosecutor has not sustained the burden of proving that the impairment of the vision of his left eye was caused or aggravated by the accident which occurred in the course of his employment by the respondent.
The prosecutor was working at a furnace containing molten lead on November 23, 1945, when some of the lead spattered on his face and in his eyes. Within an hour or so, he was examined by Dr. Daron, an eye specialist retained by the respondent, who removed several particles from the right eye, and one from the inside of the lid of the left eye. The doctor *Page 121 
applied ointment and the next day, when he again saw prosecutor, he found that the left eye had healed but the right eye required treatment for a few days more. The prosecutor was examined by another specialist, Dr. Berney, a year later, November 6, 1946, and again by Dr. Daron June 9, 1947, and lastly by Dr. Berney September 10, 1947.
When Dr. Daron first saw prosecutor, he observed an old, partial cataract of the left eye. This condition grew worse, so that when Dr. Berney last examined prosecutor, he found that the vision of the eye had decreased to 20-80. The question is whether the progress of the cataract is a result of the accident. Dr. Berney expressed the opinion that it is and Dr. Daron was of the opposite opinion. Dr. Berney is at the disadvantage of having no first-hand knowledge of the condition of the eye at the time of the accident, or of the immediate apparent effect of the accident. The prosecutor himself testified that his sight became worse very shortly after the accident, but his interest in the outcome of the suit and his layman's lack of knowledge of the causes and development of eye trouble, lead us to discount his testimony. The judgment is affirmed.